# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Linette Jones                                Docket No. 1:17CR00193

### Petition on Supervised Release

COMES NOW BETHANY ERDING, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Linette Jones, who was placed on supervision by the Honorable T.S. Ellis, III, United States District Judge sitting in the Court at Alexandria, Virginia, on the 1st day of December, 2017, who fixed the period of supervision at 3 years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

**SEE PAGE 2**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** that the defendant's restitution payment of $50.00 per month or 25 percent of net income, whichever is greater, be suspended until such a time the U.S. Probation Office and the defendant's service providers determine the defendant is stable. Upon stabilization, the defendant shall pay at least $25.00 per month towards her outstanding restitution until paid in full.

**ORDER OF COURT**

Considered and ordered this 6th day of [illegible], 20[illegible] and ordered filed and made a part of the records in the above case.

T.S. Ellis, III
United States District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:

Bethany Erding
Digitally signed by Bethany Erding
Date: 2019.07.03 14:56:57 -04'00'

Bethany Erding
Senior U.S. Probation Officer
703-299-2305

Place Alexandria, Virginia

**TO CLERK'S OFFICE**

Petition on Supervised Release
Page 2
Re: JONES, Linette

OFFENSE: Bank Fraud, in violation of Title 18, U.S.C. § 1344.

SENTENCE: On December 1, 2017, the defendant was sentenced to serve 20 months in the Bureau of Prisons followed by a 3-year term of supervised release with the following special conditions:

1. The defendant shall participate in, and successfully complete, a program approved by the U.S. Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial costs to be paid by the defendant, all as directed by the probation officer;

2. The defendant shall participate in, and successfully complete, a program approved by the U.S. Probation Office for mental health treatment. The cost of this program is to be paid by the defendant as directed by the probation officer;

3. The defendant shall pay restitution in the amount of $47,318.00 jointly and severally with any other defendants who are ordered to pay restitution for the same losses. If restitution is not paid in full immediately, the defendant shall pay $50.00 per month or 25 percent of net income, whichever is greater, beginning 60 days after release from any period of confinement, or 60 days after sentencing if no confinement is imposed; and

4. The defendant shall pay a $100 special assessment fee as directed.

ADJUSTMENT TO SUPERVISION: On January 29, 2019, the defendant was released from incarceration and her term of supervised release commenced. As the defendant was released from custody without a home plan, a transfer request was submitted to the District of Maryland on February 6, 2019, following the defendant's request to reside with her mother. The transfer request was subsequently denied as the defendant's mother resides in Section 8 housing which prohibits convicted felons.

Effective March 20, 2019, the undersigned assumed responsibility of the defendant's case due to the defendant needing extra attention to help her stabilize in the community.

As the defendant primarily found temporary housing in Maryland, the defendant enrolled in mental health services through Family Foundation Services where she received psychiatric care, including medication management.

Because of ongoing housing issues, this officer referred Ms. Jones to the City of Alexandria's shelter system for eligibility screening. Initially, Ms. Jones was denied program entry given that her prior addresses were located outside the City of Alexandria. In response, this officer spoke with the program supervisor who agreed to reconsider Ms. Jones' enrollment given her supervision conditions and concerns for the defendant's mental health.

As directed, Ms. Jones completed an eligibility screening. Before program placement could be considered, Ms. Jones was directed to obtain a letter from her sister indicating Ms. Jones could not return to her residence. As Ms. Jones' sister would not cooperate, this officer contacted the housing program again to explain the defendant's family situation. Before the City of Alexandria could place Ms. Jones into a shelter, she was placed in a domestic violence shelter located in Virginia on June 20, 2019.

Petition on Supervised Release
Page 3
Re: JONES, Linette

Ms. Jones' entry into a domestic violence shelter will afford her the opportunity to receive services in one locality. Having services in one location will readily assist Ms. Jones in her various areas of need, including employment, mental health, substance abuse, and housing.

Due to the defendant's unstable housing situation, she has been unable to secure employment though not for a lack of trying. Lack of stable employment has impacted her ability to remain in compliance with the court-imposed restitution requirement. Furthermore, given Ms. Jones' mental health needs outlined in the attached presentence investigation report, this officer is requesting her monthly restitution payment be suspended until such time Ms. Jones is stabilized in the community.

It is important to note the defendant did not request the proposed modification. This officer understands the request is outside the norm, but it is strongly believed this request is necessary to achieving overall success, both for the defendant and the victims of the instant offense.

On June 26, 2019, the U.S. Attorney's Office (Financial Ligation Unit) advised they had no objection to the proposed modification. Furthermore, a records check was conducted and revealed no new charges. The record check confirmed the defendant is a "protected person" due to a recent domestic incident.

BE/smk

UNITED STATES DISTRICT COURT

FOR

THE EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Linette Jones                                             Docket No. 1:17CR00193-001

Addendum to
Petition on Supervised Release
Hearing Scheduled for September 25, 2020

**STANDARD CONDITION 7:**     **USE OF MARIJUANA.**

On September 15, 2020, Ms. Jones submitted a urine specimen which yielded positive results for the use of marijuana. The defendant signed an Admission of Drug Use form, stating she used marijuana on September 13, 2020.

**ORDER OF COURT**

Considered and ordered this _23rd_ day of _Sept., 2020_, that the petition previously issued be amended and that this addendum be ordered filed and made part of the record in the above case.

_____
T.S. Ellis, III
Senior United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____

_Elissa F. Martins_   Digitally signed by Elissa Martins
Date: 2020.09.21 16:28:48 -04'00'

Elissa F. Martins
Senior U.S. Probation Officer
(703) 299-2309

Place _Alexandria, Virginia_

**TO CLERK'S OFFICE**                                                      DF-69 (Rev. 02/20)

UNITED STATES DISTRICT COURT

FOR

THE EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Linette Jones	Docket No. 1:17CR00193-001

Second Addendum to
Petition on Supervised Release
Hearing Scheduled for December 4, 2020

**STANDARD CONDITION 7:**   USE OF MARIJUANA.

On October 23, 2020, Ms. Jones submitted a urine specimen which was confirmed positive by GC/MS for the use of marijuana. Initially, the defendant denied new drug use, however, she subsequently admitted to using marijuana but could not recall the exact date. It is further noted that Ms. Jones submitted a negative urine screen on October 7, 2020, therefore proving that the above-noted positive result is related to new drug use.

**ORDER OF COURT**

Considered and ordered this 9th day of Nov, 2020, that the petition previously issued be amended and that this addendum be ordered filed and made part of the record in the above case.

T.S. Ellis, III
Senior United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____

*Elissa F. Martins*   Digitally signed by Elissa Martins
Date: 2020.11.09 08:56:39 -05'00'

Elissa F. Martins
Senior U.S. Probation Officer
(703) 299-2309

Place Alexandria, Virginia

TO CLERK'S OFFICE	DF-69 (Rev. 02/20)

UNITED STATES DISTRICT COURT

FOR

THE EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Linette Jones                    Docket No. 1:17CR00193-001

Third Addendum to
Petition on Supervised Release
Hearing Scheduled for December 4, 2020

**STANDARD CONDITION 3:**     USE OF MARIJUANA.

On November 5 and 16, 2020, Ms. Jones submitted urine samples that yielded positive results for use of marijuana. The sample on November 5, 2020, has been confirmed positive by GC/MS and the latter is pending confirmation. The undersigned will be requesting an interpretation report to determine if this is new or residual drug use.

**ORDER OF COURT**

Considered and ordered this ____ day of _____, 2020, that the petition previously issued be amended and that this addendum be ordered filed and made part of the record in the above case.

_____
T.S. Ellis, III
Senior United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 24, 2020

*Elissa F. Martins*  Digitally signed by Elissa Martins
Date: 2020.11.24 12:36:58 -05'00'

_____
Elissa F. Martins
Senior U.S. Probation Officer
(703) 299-2309

Place: Alexandria, Virginia

**TO CLERK'S OFFICE**                          DF-69 (Rev. 02/20)

## UNITED STATES DISTRICT COURT

## FOR

## THE EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Linette Jones    Docket No. 1:17CR00193-001

**Fourth Addendum to
Petition on Supervised Release
Hearing Scheduled for December 4, 2020**

**STANDARD CONDITION 7:**    **THE DEFENDANT SHALL REPORT TO THE PROBATION OFFICER.**

On November 24, 2020, Ms. Jones failed to report for a scheduled appointment with the probation officer.

**STANDARD CONDITION 8:**    **THE DEFENDANT SHALL FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER.**

On November 17 and 20, 2020, this officer instructed Ms. Jones to contact the City of Alexandria Department of Human Services by November 20, 2020, in order to get on the waiting list for the local shelters. To date, the undersigned has no information that Ms. Jones has complied with this directive.

As noted above, Ms. Jones failed to follow this officer's instruction to report for an office appointment on November 24, 2020.

**STANDARD CONDITION 16:**    **THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF BEING ARRESTED OR QUESTIONED BY A LAW ENFORCEMENT OFFICER.**

On November 24, 2020, Ms. Jones was questioned by Prince George's County Police Department. Officers responded to a call for a suspicious occupied vehicle. Once on the scene, officers encountered Ms. Jones, who was in the driver's seat, and another individual. After police checked the defendant for warrants, she was permitted to leave the scene and the vehicle was impounded. To date, Ms. Jones has failed to report the above-noted police contact to the probation office within 72 hours as required.

**ORDER OF COURT**

Considered and ordered this ___2nd___ day of ___Dec.___, _2020_, that the petition previously issued be amended and that this addendum be ordered filed and made part of the record in the above case.

_____
T.S. Ellis, III
Senior United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: December 2, 2020

_Bethany Erding_
2020.12.02 08:13:14 -05'00'

for Elissa F. Martins
Senior U.S. Probation Officer
(703) 299-2309

Place Alexandria, Virginia

TO CLERK'S OFFICE    DF-69 (Rev. 02/20)

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                              ) | **Criminal No. 1:17-CR-193** |
| ) | |
| **LINETTE JONES**               ) | |
| ) | |

## ORDER

The matter came before the Court for a hearing on a petition on supervised release filed on August 27, 2020 (Dkt. 39) and an addendum filed on September 23, 2020 (Dkt. 44). In the petition and addendum, the probation officer alleges that defendant violated the conditions of her supervised release by: (i) failing to answer truthfully all inquiries by the probation officer; and (ii) using marijuana.

On September 25, 2020, an Order issued finding defendant in violation of her terms and conditions of supervised release in the respects listed in the petition and addendum. A sanction of 25-days incarceration was imposed but was held in abeyance until a status conference on December 4, 2020 to see if defendant could maintain her forward progress. In the interim, second, third, and fourth addendums to the petition were filed alleging: (i) multiple uses of marijuana; (ii) failure to report to the probation officer; (iii) failure to follow the probation officer's instructions; and (iv) failure to notify the probation officer of contact with law enforcement.

1

At the status conference on December 4, 2020, defendant appeared with counsel and admitted to violating the conditions of her supervised release as alleged by the probation officer in the second, third, and fourth addendums.

Based on defendant's admissions and the proffers of counsel and the probation officer, the Court **FINDS** by a preponderance of the evidence that defendant violated the terms and conditions of her supervised release by: (i) multiple uses of marijuana; (ii) failure to report to the probation officer; (iii) failure to follow the probation officer's instructions; and (iv) failure to notify the probation officer of contact with law enforcement.

Accordingly,

It is hereby **ORDERED** that defendant's term of supervised release is hereby **REVOKED.**

It is further **ORDERED** that defendant shall be **REMANDED** to the custody of the United States Marshals Service for a period of **twenty (20) days**[1] as a sanction for all of the violations found related to August 2020 petition and the first, second, third, and fourth addendums. After defendant has served the twenty-day sanction, she shall be subject to a new **one-year term of supervised release**, subject to all of the terms and conditions of supervised release previously imposed.

The Clerk is directed to send a copy of this Order to the Probation Office, to the United States Marshals Service, and to all counsel of record.

Alexandria, Virginia
December 4, 2020

/s/
T. S. Ellis, III
United States District Judge

---

[1] Although the Court previously imposed a sanction of twenty-five days, the sanction shall be reduced to twenty days to ensure that defendant may spend the Christmas holiday with her family.

2